**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Daniel J. Meindl,                                                            Civil No. 05cv2543 (DWF/JJG)

      Petitioner,

v.                                                       **REPORT AND RECOMMENDATION**

Warden J.F. Caraway,

      Respondent.

_____

Daniel J. Meindl, Petitioner pro se.

David M. Genrich, Assistant United States Attorney, for Respondent.

_____

      This matter is before the undersigned Magistrate Judge of the District Court on Daniel Meindl's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1).  Mr. Meindl asserts the BOP improperly refused to grant prior custody credit for all the time he spent in custody since December 29, 1998, where the sentencing court ordered his federal sentence to run concurrent to all other cases.  Respondent argues Petitioner failed to exhaust his administrative remedies.  Furthermore, respondent asserts that Petitioner is not entitled to relief on substantive grounds, because Respondent has correctly calculated Petitioner's sentence.

      This matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court recommends that Petitioner's Writ of Habeas Corpus be denied.

1

## I.   BACKGROUND

At the time the Petition for Writ of Habeas Corpus was filed, Petitioner was incarcerated at the Federal Prison Camp in Duluth.  Petitioner has been transferred to the Federal Correctional Institution in El Reno, Oklahoma.  The parties do not dispute that this Court retains jurisdiction of this matter.[1]

On February 1, 2001, Petitioner was sentenced by the United States District Court for the District of Kansas to 180-months for manufacturing methamphetamine and possession of a firearm in relation to a drug trafficking crime.  (Declaration of Ann C. Kinyon, ¶ 3, Attachment A)("Kinyon Decl.")  Petitioner was in Kansas state custody from December 29, 1998 through December 31, 1998, and was taken into state custody again from March 4, 1999 through May 9, 1999.  (Kinyon Decl., ¶ 4.)  He began an 18-month sentence imposed by Shawnee County, Kansas on May 10, 1999.  Id.  The state sentence expired on August 19, 2000.  Id.

Petitioner became a federal prisoner on August 20, 2000.  (Kinyon Decl., ¶ 4.)  The 180-month sentence imposed by the United States District Court, District of Kansas stated that, "[t]his sentence runs concurrently with any other undischarged term of imprisonment.  The defendant is given

---

[1] Petitioner met the "immediate-custodian rule" for jurisdiction under § 2241 by naming the correct respondent, the warden of the facility (the Federal Prison Camp Duluth) where the petitioner was held at the time he filed his petition.  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  Petitioner also met the "territorial-jurisdiction" rule by filing his petition "in the district court whose territorial jurisdiction includes the place where the custodian is located."  Id. at 451 (Kennedy, J., concurring).  Subsequent transfer from one federal facility to another does not destroy the jurisdiction of the court in which the petitioner properly filed his petition pursuant to 28 U.S.C. § 2241.  Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981); Rumseld v. Padilla, 542 U.S. at 441 (explaining "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction...")  This Court is satisfied it retains jurisdiction over this matter.

credit for the time already served in this case." (Kinyon Decl., Attachment B.)

Defendant subsequently filed motions with the sentencing court to set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and to correct clerical mistakes in his sentence. The court denied these motions, refusing to clarify or correct the judgment. See U.S. v. Meindl, Nos. 02-3030-SAC, 99-40075-01-SAC, 2003 WL 1904057, *4 (D.Kan. March 5, 2003)(denying § 2255 relief); U.S. v. Meindl, No. 99-40075-01-SAC, 2007 WL 1452992, *3 (D.Kan. May 17, 2007)(stating "the sentencing court's statement in regards to the defendant receiving credit under §3585(b) was a mere recommendation and was "not binding on the BOP").

On June 27, 2001, while Petitioner was incarcerated at FCI Sandstone, the BOP verified that Petitioner had been in state custody from December 29 through 31, 1998 and March 4, 1999 through May 9, 1999. (Kinyon Decl., ¶ 5, Attachment B at p. 8.) The BOP granted credit for this time against Petitioner's federal sentence. (Id., Attachment A at p. 3.)[2] The BOP also granted credit for pre-sentence custody from the date Petitioner became a federal inmate through the date he was sentenced on federal charges, August 20, 2000 through February 1, 2001. (Kinyon Decl. ¶ 5, Attachment A at p. 3.)

The BOP did not grant credit toward Petitioner's federal sentence for the time he served his state sentence between May 10, 1999 and August 19, 2000. (Kinyon Decl. ¶ 5, Attachment B at p. 8.) Whether Petitioner is entitled to credit for this period is the basis of the dispute.

---

[2] In his Memorandum of Law and Fact in Support of Writ of Habeas Corpus, page 1 and see n.1 (Docket No. 2), Petitioner clarifies that the time period for which he now requests credit from the BOP is May 10, 1999 through August 19, 2000.

## II.   DISCUSSION

A.   <u>Exhaustion of Administrative Remedies is Futile</u>.

Respondent argues Petitioner has failed to exhaust his administrative remedies, and his petition should be dismissed.  Respondent bases this argument on Petitioner's failure to obtain final review of his complaint by the BOP Central Office.  (Kinyon Decl., ¶ 8, Attachment C.)

Petitioner asserts that he timely filed his appeal to the Central Office, but it was denied as untimely because the Central Office did not receive it until one month later.  (Petitioner's Reply at 2.)  In any event, Petitioner argues the exhaustion requirement can be waived when exhaustion is futile.

Exhaustion is futile where the BOP's resolution of a complaint is controlled by a policy or regulation from which the BOP will not detract.  <u>Young v. Caraway</u>, Civ. #05-1476 JNE/JJG, 2006 WL 562143, at *2 (D. Minn. March 7, 2006).  The BOP has consistently denied the relief requested by Petitioner on the basis that it cannot award custody credit for the time at issue pursuant to 18 U.S.C. § 3585.  It is very unlikely the BOP would have reconsidered its decision if it had considered Petitioner's appeal to be timely.  Under the circumstances, exhaustion would be futile.  This action should not be dismissed on the grounds of failure to exhaust administrative remedies.

B.   <u>The BOP has Properly Computed Petitioner's Sentence</u>.

The computation of federal sentences is governed by 18 U.S.C. § 3585 for offenses committed after November 1, 1987.  There are two steps in computing a sentence:
1) determining commencement of the sentence; and 2) applying credit for prior custody.

18 U.S.C. § 3585(a) and (b). There is no dispute about the commencement of his sentence.[3]

With regard to the second step, 18 U.S.C. § 3585(b) provides:

> **(b) Credit for Prior Custody.**– a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The Attorney General, through the Bureau of Prisons, has the responsibility of crediting jail time against a federal sentence. United States v. Wilson, 503 U.S. 329, 334-335 (1992). 18 U.S.C. § 3585(b) does not authorize a district court to compute credit at sentencing. Id. at 335. If a prisoner disagrees with the BOP's computation of the sentence, he is entitled to administrative review of the decision. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). After exhausting administrative review, he may seek judicial review by way of a habeas corpus petition under 28 U.S.C. § 2241. Id.

Petitioner argues that he is entitled to credit for the period from May 10, 1999 through August 19, 2000, the time period he served on his state sentence, because the federal sentencing court stated:

> While the authority to decide whether a defendant is entitled to credit for time spent in custody awaiting disposition rests with the Bureau of Prisons, it is the recommendation of this court that the defendant

---

[3] The BOP determined that Petitioner's federal sentence commenced on February 1, 2001, the day he was received for service of the federal sentence. Petitioner does not challenge this calculation. See 18 U.S.C. §3585(a).

> receive this credit. Considering that the defendant is forty-two years of
> age, faces a fifteen year sentence in this court and has already served
> most of the time imposed in state cases, the court grants the
> defendant's request to run this sentence concurrent to other cases listed
> in the PSR.

(Memorandum of Law and Fact in Support of Writ of Habeas Corpus at 2, Ex. 1.)

Respondent argues it cannot grant prior custody credit for May 10, 1999 through August 19, 2000, because credit for this time spent in state custody was credited to the state sentence. In other words, if the BOP granted the relief requested, Petitioner would receive double credit for time applied to his state sentence prior to the time he began his federal sentence.

The BOP has appropriately calculated Petitioner's sentence pursuant to 18 U.S.C. § 3585. It commenced the sentence when Petitioner was received in custody to serve the federal sentence, February 2, 2001. 18 U.S.C. § 3585(a). It appropriately credited Petitioner for prior custody *which had not been credited against another sentence*, December 29 through 31, 1998, and March 4, 1999 through May 9, 1999, and August 20, 2000 through February 1, 2001 (day prior to imposition of current sentence). 18 U.S.C. § 3585(b). The BOP cannot grant double credit for time served where Petitioner already received credit for the same time period on his state sentence. United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993).

Moreover, the sentencing court's judgment does not conflict with the BOP's determination as Petitioner contends. The judgment indicates that the federal term of imprisonment runs concurrently with any other "undischarged" term of imprisonment. The state sentence term for which Petitioner seeks credit was discharged and, therefore, cannot be counted toward his federal sentence.

The judgment also states that Petitioner shall be given credit for "time already served in this

case" (emphasis added). Petitioner was given credit for time already served in this case from August 20, 2000 (the date he became a federal inmate), through February 1, 2001, the date he was sentenced on the federal charge.

Finally, Petitioner's reliance on the sentencing court order related to his presentencing report is unavailing. Petitioner already vetted this same concern directly to the sentencing court in his § 2255 motion. The sentencing court rejected it, and reiterated the credit was for any undischarged term of imprisonment. This Court does the same.

### III. CONCLUSION

The statutory framework for computing sentences does not allow the BOP to grant credit which has already been applied against another sentence, and this Court should not order it to do so.

### IV. RECOMMENDATION

Based on the files, records, and proceedings herein, it is HEREBY RECOMMENDED THAT the Petition for Writ of Habeas Corpus (Doc. No. 1) be denied.

DATE: November 4, 2007

        s/ Jeanne J. Graham
        JEANNE J. GRAHAM
        United States Magistrate Judge

Under Local Rule 72.2(b), any party may object to this Report and Recommendation by filing, with the Clerk of Court, and serving on all parties, by November 20, 2007, 2007 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. Any objections filed under this rule shall not exceed 3,500 words counted in accordance with Rule 7.1. A District Court Judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is not appealable directly to the Court of Appeals.